UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE CO., ET AL., | Case No. 18-11503 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | U.S. MAGISTRATE JUDGE DAVID R. GRAND |
| TOLEDO ENGINEERING COMPANY, INC. AND DREICOR, INC., | |
| Defendants. | |

## ORDER DENYING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT [41, 42] WITHOUT PREJUDICE

Plaintiffs are insurers who bring this diversity suit against Toledo Engineering Company, Inc. ("TECO") and Dreicor, Inc. ("Dreicor") to recoup what they paid following a June 3, 2017 explosion at a glass plant in Dewitt, Iowa. The plant was operated by Guardian Industries Corp. and Guardian Industries, LLC (collectively, "Guardian"), which were insured by Plaintiffs and are not parties to this lawsuit. Plaintiffs allege that TECO and Dreicor—the contractors hired by Guardian to work on the plant—are responsible for the explosion and subsequent fire. They brought this suit as subrogees of Guardian and allege negligence, gross negligence, breaches of contract, and breaches of warranty. Defendants have moved for partial summary

judgment, arguing that the waivers of subrogation clauses in their Engineering Services Agreements with Guardian bar all causes of action except those arising from gross negligence.

Because the time allotted for discovery has not elapsed, the Court will deny Defendants' motions without prejudice. It will reach the merits of their defenses only after the parties have had adequate time to gather evidence in support of their positions.

## PROCEDURAL BACKGROUND

Plaintiffs filed suit on May 11, 2018. [Dkt. # 1]. Defendants filed an Answer on June 21, 2018 [7] and a Motion for Rule 11 Sanctions [24] on September 10, 2018. The Court entered a scheduling order [30] on November 2, 2018, providing for discovery to end by May 1, 2019. On February 27, 2019, both Defendants filed Motions for Partial Summary Judgment [41, 42]. On March 6, 2019, Defendants filed a Notice of Withdrawal [47] their Motion for Rule 11 Sanctions, which covered the same arguments as the motions for partial summary judgment. On March 14, 2019, the Court entered a stipulated amended scheduling order [48], providing for discovery to extend until March 15, 2020. On August 13, 2019, the Court entered another stipulated amended scheduling order [54] providing for discovery to extend until September 15, 2019, with a dispositive motion cut-off set for October 15, 2020.

A hearing on the motions for partial summary judgment is currently scheduled for September 11, 2019 [53]. Because the Court finds the motions suitable for determination without a hearing in accord with Local Rule 7.1(f)(2), that hearing will be cancelled.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Movant bears the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the non-movant lacks evidence to support an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Non-movant cannot rest on the pleadings and must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586-87. Non-movant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Rule 56(e)).

## PROCEDURAL ANALYSIS

Defendants' position is that the Engineering Service Agreements between Guardian and the Defendants bar the subrogation of claims to third parties except in cases of gross negligence. In response, Plaintiffs argue that those contracts are not controlling and that their purported waiver of subrogation provisions are ambiguous. Plaintiffs also argue that the motions are premature, and that they should be able to avail themselves of full discovery before being forced to defend their case on summary judgment.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing *Celotex Corp.*, 477 U.S. at 322, 326 (1986)). In this case, the Court need not determine an "adequate time for discovery", because it has already signed a stipulated Order [54] providing for discovery to extend until September 15, 2020.

Defendants argue that an exception to this rule is warranted because the issue of the waiver of subrogation clause is ripe for adjudication. They have provided no authority, however, for their assumption that it is appropriate to grant summary judgment on portions of a plaintiff's suit as discovery proceeds. Defendants' position—that Plaintiffs have not identified how what they are seeking to discover would affect the arguments raised in Defendants' motion—asks the Court, in effect,

to add extra requirements to the discovery rules of FED. R. CIV. P. 26. Parties do not need to show how the evidence they seek would disprove Defendants' arguments in order to be entitled to discovery.

Without getting into the substance of the arguments, it appears that the issues raised in Defendants' motions will turn on the applicability and/or scope of the waiver of subrogation clause in the Engineering Services Agreements between Guardian and the Defendants. Plaintiffs argue that Guardian's Contract Terms for Purchase Orders governs this contract. (Pl. Ex. A; Aff. of Kirk McMenamin). Though Defendants' position is that no possible extrinsic evidence could make a difference in this analysis, the Court prefers to analyze the contract in light of the actual evidence (extrinsic or otherwise) presented by Plaintiffs, rather than the hypothetical evidence that could arise during the course of discovery.

On April 15, 2019, Plaintiffs' attorney signed an affidavit stating that there are numerous outstanding discovery requests, and tens of thousands of pages of documents that have yet to be reviewed. (Pl. Ex. C; Aff. of Glenn Mattar). Though these concerns may have been resolved in the prior five months, it is incumbent on the parties to inform the Court if they complete discovery before the agreed-upon close-of-discovery date.

## CONCLUSION

The Court declines to analyze the merits of the Defendants' motions before the close of discovery. Defendants have not articulated any prejudice they will suffer by allowing discovery on the issue of gross negligence and ordinary negligence, as opposed to only the former. Plaintiffs, by contrast, have provided the Court with affidavit evidence that they have not had an adequate opportunity under Rule 56 to gather evidence to rebut Defendants' arguments. Defendants could be right that no evidence that Plaintiffs could possibly find would enable them to resist the waiver of subrogation clause in the Engineering Services Agreement. It is fairer and more efficient, however, for the Court to consider Defendants' arguments in light of the evidence Plaintiffs actually produce, rather than any evidence they could possibly produce.

Accordingly,

**IT IS ORDERED** that Defendant Toledo Engineering Co., Inc.'s Motion for Partial Summary Judgment [41] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Dreicor, Inc.'s Motion for Partial Summary Judgment [42] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: August 20, 2019   Senior United States District Judge