U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ACE AMERICAN INSURANCE COMPANY, et. al.,

      Plaintiffs,

                                  Hon. Nancy G. Edmunds

v                             Case No.: 18-cv-11503-NJE-DRG

TOLEDO ENGINEERING CO., INC, et. al.,

      Defendants.           **ORAL ARGUMENT REQUESTED**

| | |
|---|---|
| Paul B. Hines (P47328) | Thomas G. Cardelli (P31728) |
| Melinda A. Davis (P51936) | Anthony F. Caffrey III (P60531) |
| Glenn W. Mattar | CARDELLI LANFEAR, P.C. |
| DENENBERG TUFFLEY PLLC | Attorneys for Defendants |
| Attorneys for Plaintiffs | 322 W. Lincoln Ave |
| 28411 Northwestern Hwy, Ste 600 | Royal Oak, MI 48067 |
| Southfield, MI 48034 | (248) 544-1100 |
| (248) 549-3900 | (248) 544-1191 Fax |
| (248) 593-5808 Fax | |
| | |
| Hobart M. Hind, Jr. | Scott H. Sirich (P46879) |
| Jessica M. Skarin | PLUNKETT COONEY |
| BUTLER WEIHMULLER KATZ | Attorney for Defendant TECO |
| CRAIG LLP | 38505 Woodward Ave., Ste 2000 |
| Attorneys for Plaintiffs | Bloomfield Hills, MI 48304-5096 |
| 400 N. Ashley Drive, Suite 2300 | (248)594-8228 |
| Tampa, FL 33602 | (248) 901-4040 Fax |

## DEFENDANT DREICOR'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

1

Defendant Dreicor, Inc. ("Dreicor"), by and through its Counsel, Cardelli Lanfear, PC, hereby states as follows for its Renewed Motion for Partial Summary Judgment:

1.      This is a subrogation action arising out of a June 3, 2017, explosion that damaged a glass factory operated by Guardian Industries, LLC ("Guardian") in DeWitt, Iowa ("the Facility").

2.      Plaintiffs, Guardian's insurers, have filed suit against Toledo Engineering Co., Inc. ("TECO") and Dreicor, two of the many contractors who performed engineering design work and installation work, respectively, in relation to a large renovation project at the Facility ("the Project").

**3.**      As it relates to Dreicor, Plaintiffs' Complaint alleges three causes of action: **Count IV**: Negligence and/or Gross Negligence; **Count V:** Breach of Contract; and **Count VI**: Breach of Express and/or Implied Warranty.

4.      Guardian and Dreicor entered into a comprehensive contract with respect to the Projects performed by Dreicor for Guardian as of June 3, 2016 ("The Contract").

5.      On or about June 3, 2017, the Guardian Facility suffered a loss.

6.      The Contract contained a mutual waiver of subrogation clause.

7.      It is well established that, with the exception of gross negligence claims, under Michigan law a waiver of subrogation clause in a contract is to be deemed

effective. *See Lamp v Reynolds*, 249 Mich App 591, 594; 645 NW2d 311 (2002); *Lexington Ins Co v Alan Group & Condor Piping*, 2016 Mich App LEXIS 1486 (Ct App, Aug 9, 2016); *Ohio Cas Ins Co v Oakland Plumbing Co*, 2005 Mich App LEXIS 592 (Ct App, Mar 8, 2005).

8.     This, of course, is why Plaintiffs pleaded a gross negligence cause of action.  However, by plain operation of law, all other allegations must be summarily dismissed.

9.     Dreicor filed a Motion for Partial Summary Judgment to dismiss all claims except gross negligence on February 27, 2019.

10.    The trial court judge ruled that Summary Judgment was premature and that discovery was prudent despite the overwhelming evidence that suggested summary judgment was owed and due.

11.    After years of extensive discovery by both parties, Dreicor is still entitled to summary judgment.

12.    Dreicor moves this Court under Fed. R. Civ. P. 56(a) to enter partial summary judgment in its favor and against Plaintiffs, because there are no disputes as to any material facts and Dreicor is entitled to judgment as a matter of law as to all causes of action, except gross negligence.

13.    In support of its Motion, Dreicor relies on the attached Brief and corresponding exhibits.

14.     Concurrence in the relief sought was requested and denied after a conference of the parties as required by E.D. Mich.  LR 7.1(a)(2)(B), and it has become necessary to bring this motion.

WHEREFORE, Defendant Dreicor respectfully requests that the Court grant its Renewed Motion for Summary Judgment and enter an Order dismissing Counts V and VI of Plaintiffs' Complaint and limiting Plaintiffs' Count IV to a "gross negligence" cause of action against Dreicor, as well as any other relief appropriate under the circumstances.

Respectfully submitted,

**CARDELLI LANFEAR, P.C.**

/s/ Thomas G. Cardelli
Thomas G. Cardelli (P31728)
Anthony F. Caffrey III (P60531)
Attorneys for Dreicor
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
tcardelli@cardellilaw.com

Dated:  June 17, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ACE AMERICAN INSURANCE COMPANY, et. al.,

      Plaintiffs,

                                 Hon. Nancy G. Edmunds

v                               Case No.: 18-cv-11503-NJE-DRG

TOLEDO ENGINEERING CO., INC, et. al.,

        Defendants.           **ORAL ARGUMENT REQUESTED**

---

| | |
|---|---|
| Paul B. Hines (P47328) | Thomas G. Cardelli (P31728) |
| Melinda A. Davis (P51936) | Anthony F. Caffrey III (P60531) |
| Glenn W. Mattar | CARDELLI LANFEAR, P.C. |
| DENENBERG TUFFLEY PLLC | Attorneys for Defendants |
| Attorneys for Plaintiffs | 322 W. Lincoln Ave |
| 28411 Northwestern Hwy, Ste 600 | Royal Oak, MI 48067 |
| Southfield, MI 48034 | (248) 544-1100 |
| (248) 549-3900 | (248) 544-1191 Fax |
| (248) 593-5808 Fax | |

| | |
|---|---|
| Hobart M. Hind, Jr. | Scott H. Sirich (P46879) |
| Jessica M. Skarin | PLUNKETT COONEY |
| BUTLER WEIHMULLER KATZ CRAIG LLP | Attorney for Defendant TECO |
| Attorneys for Plaintiffs | 38505 Woodward Ave., Ste 2000 |
| 400 N. Ashley Drive, Suite 2300 | Bloomfield Hills, MI 48304-5096 |
| Tampa, FL 33602 | (248)594-8228 |
| | (248) 901-4040 Fax |

**BRIEF IN SUPPORT OF DEFENDANT DREICOR'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

## *TABLE OF CONTENTS*

STATEMENT OF ISSUE PRESENTED....................................................................... ii

STATEMENT OF CONTROLLING AUTHORITIES............................................ iii

TABLE OF AUTHORITIES ...................................................................................iv

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS ........................................................................................1

ARGUMENT ............................................................................................................6

I.     Plaintiffs' Complaint Against Dreicor Must Be Summarily Dismissed as to All Causes of Action Except Gross Negligence ........................................................................................6

     a.    Standard of Review......................................................................6

     b.    Dreicor Is Entitled to Partial Summary Judgment....................6

     c.    Waiver of Subrogation Under Michigan Law ........................10

     d.    Conclusion ...............................................................................15

CONCLUSION ......................................................................................................15

## *STATEMENT OF ISSUE PRESENTED*

Whether this Court should grant Dreicor's motion for partial summary judgment and limit Plaintiffs' lawsuit against Dreicor to a gross negligence cause of action, where the parties' contract expressly provided for a mutual waiver of subrogation, and where, under Michigan law, these provisions are enforced by mandating dismissal of any cause of action other than gross negligence?

Defendant Dreicor says:          Yes.

Plaintiffs say:                          No.

### STATEMENT OF CONTROLLING AUTHORITIES

Defendant Dreicor relies on Federal Rule of Civil Procedure 56, *Lamp v. Reynolds*, 249 Mich. App. 591, 594; 645 N.W.2d 311 (2002), *Fed. Ins. Co. v. Detroit Med. Ctr.*, ___F. Supp. 2d___; 2009 U.S. Dist. LEXIS 3654, at *20 (ED Mich, Jan. 16, 2009), and the other authorities cited in this brief.

## *INDEX OF AUTHORITIES*

**Cases**

*ASIC II Ltd. V. Stonhard, Inc., 63 F. Supp.2d 85 (D. Me. 1999*) ............................11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)..............................................................................................................6

*Chadwick v. CSI, Ltd., 137 N.H. 515, 629 A.2d 820 (N.H. 1993*)...........................11

*Citizens Ins. Co. of America v. American Community Mutual Ins. Co*., 197 Mich. App. 707, 709; 495 N.W.2d 798 (1993)..................................................................7

*DePiero v. City of Macedonia*, 180 F.3d 770, 776 (6th Cir. 1999) .........................6

*Employers Mut. Cas. Co. v. A.C.C.T., Inc., 580 N.W.2d 490 (Minn. 1998)*............11

*Fed. Ins. Co. v. Detroit Med. Ctr*., ____F. Supp. 2d____; 2009 U.S. Dist. LEXIS 3654, at \*20 (ED Mich, Jan. 16, 2009) .........................................................iii, 8-9

*Haemonetics Corp. v. Brophy & Phillips Co., Inc*., 23 Mass. App. Ct. 254, 501 N.E.2d 524 (Mass. Ct. App. 1986).......................................................................11

*Ind. Ins. Co. v. Erhlich*, 880 F. Supp. 513, 517 (W.D. Mich., 1994) .......................8

*Lamp v. Reynolds*, 249 Mich. App. 591, 594; 645 N.W.2d 311 (2002)............. iii, 8

*Lexington Ins. Co. v. Alan Group & Condor Piping*, 2016 Mich. App. LEXIS 1486 (Mich. Ct. App., issued Aug. 9, 2016) ..................................................................9

*Lexington Ins. Co. v. Entrex Commc'n Servs., Inc., 275 Neb. 702, 749 N.W.2d 124 (Neb. 2008)* ......................................................................................................11

*Lloyd's Underwriters v. Craig & Rush, Inc., 26 Cal. App. 4th 1194, 32 Cal. Rptr.2d 144 (Cal. Ct. App. 1994*) .....................................................................................11

*Northwestern Mut. Ins. Co. v. Jackson Vibrators, Inc.*, 402 F2d 37, 40 (6th Cir. 1968)..................................................................................................................7

*Ohio Cas. Ins. Co. v Oakland Plumbing Co.*, 2005 Mich. App. LEXIS 592 (Mich. Ct. App., Mar. 8, 2005)..............................................................................9

*Westfield Ins. Group v. Affinia Dev*., LLC, 2012-Ohio-5348 (Ohio Ct. App. 2012) .............................................................................................................11

*Zurich Ins. Co. v. Midwest. Mgt*., 1996 Mich. App. LEXIS 1768, unpublished per curiam opinion of the Michigan Court of Appeals (Mich. Ct. App., issued Dec. 30, 1996).............................................................................................9

## Statutes and Court Rules

Fed R. Civ. P. 56 ...........................................................................1, 6, 11

## *Introduction*

Plaintiffs filed a Complaint containing multiple causes of action that cannot be sustained as a matter of law.  It is not disputed as to which contractual document controls the relationship between the parties. Based on the plain language of that contract, more specifically a waiver of subrogation provision within same, Plaintiffs are limited to a gross negligence cause of action against Defendant Dreicor, Inc. ("Dreicor").   Accordingly, Dreicor is entitled to partial summary judgment—a dismissal of all causes of action other than gross negligence—pursuant to Fed. R. Civ. P. 56.

## *Statement of Facts*

The instant motion is not at all fact intensive.  Instead, this motion may be resolved simply by applying Michigan law to the pertinent contract between the parties. Plaintiffs agree with Dreicor's position regarding the governing contract as well as the application of Michigan law. There are no factual issues, only legal ones.

For background, this case involves a June 3, 2017, incident at a glass factory operated by Guardian Industries, LLC ("Guardian") in DeWitt, Iowa ("the Facility")(Complaint, Exhibit A, ¶ 1, 19).  The incident involves an explosion and resulting fire (Complaint, ¶ 30-31).  Although there were no injuries, Plaintiffs are insurance companies who reimbursed Guardian for approximately $80,000,000.00

in expenses allegedly resulting from the incident (Complaint, ¶ 35).   Notably
Guardian has declined to join the lawsuit.

Plaintiffs have filed a subrogation action against Dreicor and Toledo
Engineering Co., Inc. ("TECO"), two of the many contractors who performed
various work for a large renovation project at the Facility ("the Project") before the
explosion (Complaint, ¶ 5; see also Notices of Non-Party at Fault documents, Exhibit
B). Although Plaintiffs inexplicably did not attach any contracts to their Complaint
alleging breach of contract, TECO and Dreicor each executed a separate contract
with Guardian regarding the services they were to perform for the Project, and the
terms of these contracts control the dispute.

Dreicor's contract with Guardian was updated on June 3, 2016, and pertains
to any construction projects between the parties (The Contract, Exhibit C, ¶ 1).
Guardian's Kirk McMenamin testified that The Contract operated to "describe the
contractual obligations between Guardian and the contractor, in this case Dreicor"
(McMenamin dep, Exhibit D, 21-22).   The contract expressly states that it
supersedes any contract language contained in purchase orders issued by either party
(Exhibit C, ¶ 1).  The contract also contains a choice of law clause which provides
that the contract will be governed by the law of the State of Michigan:

> 8.7    Applicable Law and Jurisdiction. The Contract will be governed
> by, and construed and enforced in accordance with the laws of the State
> of Michigan and without reference to any choice of law rules that
> dictate the application of another state's or country's laws. The parties

> exclude the application of the U.N. Convention on Contracts for the International Sale of Goods. The parties select as the forum for any litigation related to the Contract or the Work, and irrevocably consent to the non-exclusive jurisdiction and venue of, the State and Federal courts of Oakland County, Michigan or the United States District Court for the Eastern District of Michigan.  [*Id*. at ¶ 8.7.]

Thus, it is not surprising that Plaintiffs have alleged that Michigan law governs the dispute between the parties (Exhibit A, ¶ 18).

Most importantly to the instant motion, Dreicor reiterates that the contract at issue contained a clear, unambiguous, and mutual waiver of subrogation clause:

> **Guardian and you will waive all rights against each other and against any architect for damages caused by fire or other perils to the extent covered by the insurance required in this section.** You will cause each subcontractor and sub-sub-contractor to similarly waive all rights against all parties. [Contract, *supra* at 7-8, provision 4.2(c); emphasis added.]

Importantly, earlier in section 4.2 of this contract, on page 5, Guardian agreed to secure property insurance for "Fire," among other perils:

> We will purchase and maintain property insurance for the full insurable value of the Work. The insurance will cover loss from the perils of Fire and Extended Coverage and will include "All Risk" insurance for physical loss or damage (including theft, vandalism, malicious, mischief, transit, collapse, flood and testing). [*Id*. at 4.2(c)]

As it relates to "fire" and other such perils, Guardian plainly agreed to maintain property insurance and agreed to waive subrogation. And Guardian did obtain insurance covering the fire and other perils arising from the Work on the project, as evidenced by Plaintiffs allegedly paying $80,000,000.00 in insurance benefits

purportedly caused by a fire during the Work on the project. (See Complaint, Exhibit B ¶ 30).

Inasmuch as Guardian agreed that all pertinent policies would permit and recognize the above waivers of subrogation, it is not surprising that insurance policies produced by Plaintiffs include such provisions. More specifically, Dreicor notes that the insurance policies provided by Plaintiffs, with one exception,[1] properly include the following subrogation provision:

> **The Company will not acquire any rights of recovery that the Insured has expressly waived prior to a loss, nor will such waiver affect the Insured's rights under this Policy.** [See Plaintiffs' Document Production Liberty 000066, Exhibit E; emphasis added. See also Plaintiffs' Document Productions: Lexington 000062, Exhibit F; GSINDA 000065, Exhibit G; Arch 000073, Exhibit H; Talbot 000096, Exhibit I;   HDI 000065, Exhibit J; QBE 000062, Exhibit K; Ace 000062, Exhibit L; Axis 000065, Exhibit M; National Fire 000062, Exhibit N; Westport 000072, Exhibit O.]

Here, as noted above, Guardian and Dreicor entered into the contract at issue on June 3, 2016 (Exhibit C), whereas the loss at issue occurred on June 3, 2017 (Exhibit A, ¶ 26). Thus, the waiver of subrogation by Guardian certainly occurred before the loss, triggering the waiver of subrogation provisions of each of the policies.

---

[1] Guardian appears to have breached its contractual obligation to have a waiver of subrogation clause recognition provision included within the policy provided within Plaintiffs' Document Production labeled "ANV."

On February 27, 2019, Dreicor filed a motion for partial summary judgment. While the court did not reject the arguments presented by Dreicor, the court ruled that it could not rule on the motion until Plaintiffs were given an opportunity for discovery (Opinion, Exhibit O).  With lay discovery now completed, Dreicor renews its motion.

As will be explained below, this Court should rather easily conclude that Dreicor is entitled to partial summary judgment, limiting Plaintiffs' lawsuit to a gross negligence cause of action.

## *ARGUMENT*

### I.  *Plaintiffs' Complaint Against Dreicor Must Be Summarily Dismissed as to All Causes of Action Except Gross Negligence*

#### a.  *Standard of Review*

A party moving for summary judgment under Fed. R. Civ. Proc. 56 bears the burden of showing the absence of a genuine issue of material fact as to at least one essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  Once the moving party meets its burden of production, the nonmoving party, must by deposition, answers to interrogatories, and admissions on file show specific facts that reveal a genuine issue for trial. *Id*.  A reviewing court must view all facts and inferences in a light most favorable to the non-moving party.  *DePiero v. City of Macedonia*, 180 F.3d 770, 776 (6th Cir. 1999).

### b.  Dreicor Is Entitled to Partial Summary Judgment

Michigan law is clear that a waiver of subrogation provision will be enforced, except as it relates to a gross negligence cause of action.  Fortunately for Plaintiffs, they alleged a gross negligence cause of action.  However, Plaintiffs have also alleged causes of action other than gross negligence.  This is an issue that Dreicor has raised from the inception of this lawsuit.  After extensive discovery, the plain operation of Michigan law still stands, the waiver of subrogation provision in the contract between Guardian and Dreicor precludes Plaintiffs from asserting any cause of action other than gross negligence, and partial summary judgment is required as to these other pleaded claims.

As a preliminary matter, the Sixth Circuit Court of Appeals long ago recognized as follows:

> A subrogee acquires no greater rights than those possessed by his subrogor and the subrogated insurer is merely substituted for his insured. Couch on Insurance 2d, § 61.36; *Indemnity Ins. Co. of North America v. Otis Elevator Co*., 315 Mich. 393, 24 N.W.2d 104 (1946). This is true whether subrogation is equitable or conventional as in the instant case pursuant to a clause in the insurance contract. *General Acc. F. & L. Assur. Corp., Ltd. v. Finegan & Burgess, Inc*., 351 F.2d 168 (6th Cir. 1965), *Hardware Dealers Mutual Insurance Co. v. R. H. Hidey, Inc*., 349 Mich. 490, 84 N.W.2d 795 (1957). [*Northwestern Mut. Ins. Co. v. Jackson Vibrators, Inc.*, 402 F2d 37, 40 (CA 6, 1968).]

Indeed, while subrogation allows an insurance company to step into the insured's shoes and assert any claims the insured may have, insurers have no greater rights

than the insured. See *Citizens. Ins. Co.. of America v. American Community Mutual Ins. Co*., 197 Mich. App. 707, 709; 495 N.W.2d 798 (1993).

Here, Plaintiffs are insurers pursuing a subrogation claim on behalf of their insured (see Complaint, Exhibit A, ¶¶ 35-37). Therefore, under Michigan law, Plaintiffs can acquire no greater rights than those possessed by their insured, Guardian.

Guardian and Dreicor entered into a comprehensive contract (Contract, Exhibit C). The contract included an express waiver of subrogation provision. This provision was mutual, recognizing that insurers paying losses would not be able to pursue subrogation against the other party.

Of course, it is not contrary to Michigan's public policy for both parties to contract against liability for damages caused by ordinary negligence. *Ind. Ins. Co. v. Erhlich*, 880 F. Supp. 513, 517 (W.D. Mich., 1994). In *Lamp v. Reynolds*, 249 Mich. App. 591, 594; 645 N.W.2d 311 (2002), the Court explained Michigan's underlying policy that "[i]t is well established in this jurisdiction that, although a party may contract against liability for harm caused by his ordinary negligence, a party may not insulate himself against liability for gross negligence or willful and wanton misconduct." Thus, although parties may waive liability, they cannot waive liability arising out of gross negligence. Nevertheless, Guardian was free to contractually waive Dreicor's liability for claims other than gross negligence,

7

especially where such a provision was mutual (with Dreicor similarly waiving liability).

In *Fed. Ins. Co. v. Detroit Med. Ctr.*, ___F. Supp. 2d___; 2009 U.S. Dist. LEXIS 3654, at *20 (ED Mich, Jan. 16, 2009), this Court opined as follows:

> Generally speaking, "[w]aivers of subrogation are common in leases, construction contracts, . . . and other documents. . . .In commercial agreements parties often negotiate to 'waive' the right of their insurer to claim against the wrongdoer after paying a loss. . . .The economic result of the waiver of subrogation is that the insurer alone bears the risk of loss; once the loss is paid, the matter ends, and there are no follow-on lawsuits." Peter S. Britell, Patrice D. Stavile and Mie Ono, *Waivers of Subrogation in a Nutshell*, 235 N.Y.L.J. 9 (Mar. 27, 2006). The waiver thus benefits both parties by "prevent[ing] lawsuits and divisiveness between parties in on-going commercial relationships, such as commercial leases or construction contracts." *Id*. at 10. Waivers of subrogation also have an economic advantage. "It costs more to have multiple parties pay premiums on a single risk." *Id*. at 11.

Thus, this Court recognizes waivers of subrogation as valid and enforceable to preclude a negligence cause of action, as well as a breach of contract cause of action.

This principle has been recognized in numerous Court of Appeals, each of which recognized that, under Michigan law, a waiver of subrogation is effective to preclude an insurer from asserting claims on behalf of an insured:

- *Zurich Ins. Co. v. Midwest. Mgt*., 1996 Mich. App. LEXIS 1768, unpublished per curiam opinion of the Michigan Court of Appeals (Mich. Ct. App., issued Dec. 30, 1996))(enforcing waiver of subrogation clause to prevent an insurer from asserting negligence, breach of contract, and breach of warranty claims).
- *Lexington Ins. Co. v. Alan Group & Condor Piping*, 2016 Mich. App. LEXIS 1486 (Mich. Ct. App., issued Aug. 9, 2016) (explaining that waiver of subrogation clauses cannot be applied to gross

negligence claims, but affirming dismissal of the subrogees' claims for ordinary negligence, breach of implied/express warranty, and breach of implied/express contract);

- *Ohio Cas. Ins. Co. v Oakland Plumbing Co.*, 2005 Mich. App. LEXIS 592 (Mich. Ct. App., Mar. 8, 2005) (holding that a claim of gross negligence will survive a waiver of subrogation clause, but claims of ordinary negligence and a breach of the warranty of workmanlike performance would not survive).

Thus, a waiver of subrogation will be enforced under Michigan law and summary judgment as to all claims other than gross negligence is proper.

Dreicor further notes that Guardian incurred the contractual obligation to ensure that its insurance policies would reflect the waiver of subrogation (see Contract, 7-8).  All but one of the policies produced appears to have complied with this obligation by including the following language: "The Company will not acquire any rights of recovery that the Insured has expressly waived prior to a loss, nor will such waiver affect the Insured's rights under this Policy."  See Exhibits E through O.  Thus, Plaintiffs were fully aware at the time they issued their policies to Guardian that they would not have subrogation in every instance.  Where, as here, Guardian agreed to waive its subrogation rights (especially in the context of a mutual waiver of subrogation), Plaintiffs are prohibited from pursuing subrogation.

In fact, it is only because Michigan law precludes a party from waiving a gross negligence claim that full summary judgment is not appropriate.  Nevertheless, this Court can and should grant partial summary judgment and dismiss every cause of

action other than gross negligence pursuant to Michigan law and Fed. R. Civ. Proc. 56.

### c. *Waiver of Subrogation Under Michigan Law*

Dreicor anticipates that Plaintiffs will try to claim that the waiver of subrogation was only limited to certain insurance policies or is limited to "the Work" itself as they have in the past. Plaintiffs concede that Michigan law applies to this matter. *See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Disposition, 13 n 5. However, Michigan law simply does not bifurcate the waiver of subrogation analysis into components regarding policies or damages. Instead, under Michigan law, a waiver of subrogation analysis looks to the "cause of action" being asserted—limiting a plaintiff to a gross negligence cause of action. This, of course, is why Plaintiffs pleaded a gross negligence cause of action and why Dreicor has only sought partial summary judgment. If this Court is to dutifully apply Michigan law, then Plaintiffs are limited to a gross negligence cause of action and Dreicor is entitled to partial summary judgment as to all other claims.

Of course, as Plaintiff Lexington Insurance Company should know firsthand, the majority of extrajurisdictional courts faced with this issue have concluded that a "waiver of subrogation" using language similar to the TECO contract will be deemed to apply to <u>any insurance</u> that provided coverage for any losses arising out of the Work or services, without regard to whether the insurance was specifically procured

to cover the work or whether non-work was impacted. *Lexington Ins. Co. v. Entrex Commc'n Servs., Inc.*, 275 Neb. 702, 749 N.W.2d 124 (Neb. 2008). *See ASIC II Ltd. V. Stonhard, Inc.,* 63 F. Supp.2d 85 (D. Me. 1999); *Lloyd's Underwriters v. Craig & Rush, Inc.,* 26 Cal. App. 4th 1194, 32 Cal. Rptr.2d 144 (Cal. Ct. App. 1994); *Haemonetics Corp. v. Brophy & Phillips Co., Inc.*, 23 Mass. App. Ct. 254, 501 N.E.2d 524 (Mass. Ct. App. 1986); *Employers Mut. Cas. Co. v. A.C.C.T., Inc.*, 580 N.W.2d 490 (Minn. 1998); *Chadwick v. CSI, Ltd.*, 137 N.H. 515, 629 A.2d 820 (N.H. 1993); *Westfield Ins. Group v. Affinia Dev.*, LLC, 2012-Ohio-5348 (Ohio Ct. App. 2012).

This capricious distinction that Plaintiff attempts to make between the "Work" and "Non-Work" covered under the subrogation clause is immaterial to this motion. Courts have held time and time again that whether "Non-Work" was impacted or specifically covered under the insurance policy is immaterial, and that the subrogation claim will be construed broadly. This is the majority approach across the courts. Plaintiff cited in their Brief in Opposition to Dreicor's previous motion that a few states hold a minority view that waivers, as found in the parties' Contract, do not bar an insurers' subrogation claims to recover for damage to non-work property. See ECF No. 50 filed 04/15/19 PageID.1316. Plaintiffs admit that the "majority" of jurisdictions would hold that the waiver of subrogation applies to all insurance benefits paid, without breaking down the analysis by types of policies or

11

whether the benefits applied to categories. *Id*. at 1317.  Simply stated, the plain majority holds that this is an irrelevant distinction.

The majority approach makes complete sense.  If Guardian secured insurance that provided coverage based on what Plaintiffs are contending was the fault of Dreicor's work or services, then Plaintiffs' policies obviously covered Dreicor's work or services.  Any other interpretation would render the waiver of subrogation entirely illusory.  Plaintiff argues that the fact that Dreicor was required to obtain liability insurance proves that the subrogation clause was not meant to be broadly construed. This argument, however, is nonsensical as Dreicor would not be protected from any instances of their own gross negligence under the subrogation clause and thus would still need insurance to protect against this liability. The simple fact that Dreicor was required to obtain liability insurance does not absolve Plaintiff of their contractual duty to abide by the subrogation clause that they expressly agreed to.

With respect to the minority approach, the primary authority cited by Plaintiffs is *SSDW Co v Brisk Waterproofing Co*, 76 NY2d 228, 231; 557 NYS2d 290; 556 NE2d 1097 (1990), which involved a contractor that expressly agreed to maintain liability insurance for "claims for damages, other than to the Work itself, to property which may arise out of or result from the Contractor's operations under this Contract." The whole reason that for the "Work"/"Non-Work" dichotomy was

express contractual language recognizing such a distinction. This language occurs in some standard AIA contracts, which explains the minority approach.

Here, of course, there is certainly no contractual language expressly bifurcating insurance obligations based on whether they arise out of "Work" or "Non-Work." Instead, Guardian was required to obtain insurance for not only "the full insurable value of the Work," but also loss "from the perils of Fire and Extended Coverage," expressly including "'All Risk' insurance for physical loss or damage (including theft, vandalism, malicious, mischief, transit, collapse, flood and testing)." See The Contract, ¶ 4.2(c). One part of section 4.2(c) obligated Guardian to obtain insurance for the peril of "fire" and other perils arising from the Work, while another part of section 4.2(c) waived subrogation with respect to "fire or other perils" covered by such insurance. There is a complete alignment between the incident (a) explosion and fire (Complaint, ¶ 30); (b) the insurance requirement for Guardian with respect to fire and other perils (Contract provision 4.2(c)); and (c) the waiver of subrogation as to fire and other perils (Contract provision 4.2(c)). Plaintiffs' position is borderline frivolous[2].

---

[2] Plaintiffs desperately suggest that Dreicor agreed to provide coverage for non-Work damages by entirely misreading a provision regarding personal property insurance. In provision 4.2(c), Dreicor agreed to provide insurance covering itself and its own workers (and subcontractors) on the worksite. In subsection (v) to that narrow obligation, Dreicor incurred the responsibility for insuring its machinery, equipment, tools, and any other property it had on the work site that was not going to become part of the Work. This provision had nothing to do with Guardian's

Moreover, if Guardian had wanted to protect its excess insurers, it could have agreed to contract terms providing for a "waiver of subrogation" for claims less than a certain amount.  Instead, Guardian agreed to a limitless waiver of subrogation provision.  Plaintiffs issued policies confirming that they would honor pre-loss waivers of subrogation, as is the case in the instant matter.  After conducting dozens of depositions, as referenced above, and years of discovery between the parties, no relevant evidence has come forth that would suggest Dreicor is not entitled to summary judgment for all claims except gross negligence.  Accordingly, notwithstanding Plaintiffs' creative efforts to avoid the plain contractual language, Dreicor remains entitled to partial summary judgment.

### d. Conclusion

For all these reasons, Defendant Dreicor respectfully requests that this Honorable Court grant its motion for partial summary judgment and limit Plaintiffs' lawsuit to a gross negligence cause of action.

---

property, much less the "Work"/"non-Work" dichotomy followed by the minority of jurisdictions addressing waivers of subrogation. In contrast, in the very same provision, ¶ 4.2(c), Guardian agreed to obtain all-risk property insurance (including against fire and other perils) and waive subrogation.

*CONCLUSION*

Defendant Dreicor respectfully requests that this Honorable Court grant its motion for partial summary judgment and limit Plaintiffs' lawsuit to a gross negligence cause of action.

Respectfully submitted,

**CARDELLI LANFEAR, P.C.**

/s/ Thomas G. Cardelli
Thomas G. Cardelli (P31728)
Anthony F. Caffrey III (P60531)
Attorneys for TECO
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
(248) 544-1191 Fax
tcardelli@cardellilaw.com

Dated:  June 17, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument DEFENDANT DREICOR'S RENEWED MOTION FOR PARTIAL SUMMARY JUDEMENT as well as this Certificate of Service were served upon counsel of record via the Court's ECF System to their respective email addresses as disclosed on the Notice of Electronic Filing on June 17, 2022.

Respectfully Submitted,

**CARDELLI LANFEAR, P.C.**

/s/ Anthony F. Caffrey III
Anthony F. Caffrey (P60531)

15