U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ACE AMERICAN INSURANCE COMPANY, et. al.,

       Plaintiffs,

                                       Hon. Nancy G. Edmunds

v                                        Case No.: 18-cv-11503-NJE-DRG

TOLEDO ENGINEERING CO., INC, et. al.,

        Defendants.             **ORAL ARGUMENT REQUESTED**

---

| | |
|---|---|
| Paul B. Hines (P47328) | Thomas G. Cardelli (P31728) |
| Melinda A. Davis (P51936) | Anthony F. Caffrey III (P60531) |
| Glenn W. Mattar | CARDELLI LANFEAR, P.C. |
| DENENBERG TUFFLEY PLLC | Attorneys for Defendants |
| Attorneys for Plaintiffs | 322 W. Lincoln Ave |
| 28411 Northwestern Hwy, Ste 600 | Royal Oak, MI 48067 |
| Southfield, MI 48034 | (248) 544-1100 |
| (248) 549-3900 | (248) 544-1191 Fax |
| (248) 593-5808 Fax | |
| | |
| Hobart M. Hind, Jr. | Scott H. Sirich (P46879) |
| Jessica M. Skarin | PLUNKETT COONEY |
| BUTLER WEIHMULLER KATZ | Attorney for Defendant TECO |
| CRAIG LLP | 38505 Woodward Ave., Ste 2000 |
| Attorneys for Plaintiffs | Bloomfield Hills, MI 48304-5096 |
| 400 N. Ashley Drive, Suite 2300 | (248)594-8228 |
| Tampa, FL 33602 | (248) 901-4040 Fax |

---

## REPLY BRIEF IN SUPPORT OF DEFENDANT DREICOR'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

## *TABLE OF CONTENTS*

INDEX OF AUTHORITIES...................................................................................... ii

INTRODUCTION ................................................................................................1

REPLY TO PLAINTIFFS' STATEMENT OF FACTS ...........................................1

REPLY TO PLAINTIFFS' ARGUMENT ..............................................................2

CONCLUSION ....................................................................................................7

## *INDEX OF AUTHORITIES*

**Cases**

*Automobile Ins Co v United HRB Gen Contractors*, 876 SW2d 791, 794 (Mo Ct App, 1994)) ..................................................................................................................3

*Great Northern Ins. Co. v. Architectural Environments, Inc.*, 514 F. Supp. 2d 139, 143 (D. Mass., 2007) ...................................................................................................5

*Hartford Underwriters Ins Co v Phoebus*, 187 Md App 668, 688; 979 A2d 299 (2009) .......................................................................................................................3

*Lexington Ins. Co. v. Alan Group & Condor Piping*, 2016 Mich. App. LEXIS 1486 (Mich. Ct. App., issued Aug. 9, 2016) ...............................................................3

*Lexington Ins. Co. v. Entrex Commc'n Servs., Inc., 275 Neb. 702, 749 N.W.2d 124 (Neb. 2008*) ......................................................................................................5

*Ohio Cas. Ins. Co. v Oakland Plumbing Co.*, 2005 Mich. App. LEXIS 592 (Mich. Ct. App., Mar. 8, 2005) ..................................................................................3

*SSDW Co v Brisk Waterproofing Co*, 76 NY2d 228, 231; 557 NYS2d 290; 556 NE2d 1097 (1990) .................................................................................................6

*Southern Ins Co v CJG Enterprises*, ___F Supp 3d___; 2017 U.S. Dist. LEXIS 129514, at *4 (SD Iowa, May 11, 2017)) ...........................................................3

*Zurich Ins. Co. v. Midwest. Mgt.*, 1996 Mich. App. LEXIS 1768, unpublished per curiam opinion of the Michigan Court of Appeals (Mich. Ct. App., issued Dec. 30, 1996) ...............................................................................................................3

## __REPLY BRIEF__

Defendant Dreicor, Inc. ("Dreicor") has renewed its motion for partial summary judgment seeking the dismissal of all causes of action other than gross negligence. Dreicor respectfully reiterates that it is entitled to partial summary judgment limiting Plaintiffs' lawsuit to a gross negligence cause of action.

### *Reply to Plaintiffs' Statement of Facts*

Plaintiffs agree with Dreicor's position regarding the governing contract. Plaintiff's brief, 2-3. Plaintiffs agree that Michigan law controls the dispute. See Plaintiff's brief, 6-8.

The one factual issue is that Plaintiffs are wholly incorrect as to whether the work by Dreicor on the project was complete as of the date of the incident. As Plaintiffs should know as they stand in the shoes of Guardian for this matter, the project was winding down but not fully complete by June 3, 2022. It should be noted that Dreicor had 60 workers on site the week of June 4, 2022, performing various work on the project (Exhibit 1). These 60 workers performed 2,554 hours of labor the week of the incident (Exhibit 1). This was invoiced to Guardian on July 14, 2017 (Exhibit 2), and paid without objection on August 18, 2017. It is also notable that Plaintiffs do not rely on any evidence from Guardian witnesses as to whether Dreicor's work on the project was complete. The work on the project by Dreicor was <u>absolutely not complete</u> as of the date of the incident.

1

### *Reply to Plaintiffs' Argument*

Plaintiffs raise two arguments as to why Dreicor's motion for partial summary judgment should be denied. Neither argument has merit.

*The Post-Construction "Red Herring."* Plaintiffs argue that the incident incurred in a post-construction context. The first problem with Plaintiffs' argument is that, as set forth above, neither Guardian nor Dreicor deemed Dreicor's work on the project complete on the date of the incident, June 3, 2017. As set forth above, Dreicor was winding down its work on the project, but it still had 60 workers performing more than 2,500 hours of work on the project the week of June 4, 2017, with 8 more workers needed the following week (Exhibit 1). While *most* of the work on the project was complete in that the CTR work had completed to a point where the heat up had begun, the plain reality is that Dreicor's work on the project was most definitely not complete on the date of the incident.[1]

Regardless, Plaintiffs' contention that it can avoid the waiver of subrogation clause on the basis of the incident being post-construction is also without merit. Michigan law simply does not bifurcate the waiver of subrogation analysis into components regarding policies or damages. Instead, under Michigan law, a waiver of subrogation analysis looks to the "cause of action" being asserted—limiting a

---

[1] Plaintiffs' reliance on Victor Moore's testimony is unavailing. He was not asked whether Dreicor's work on the project was complete on the date of the incident.

2

plaintiff to a gross negligence cause of action.[2]  This, of course, is why Plaintiffs pleaded a gross negligence cause of action and why Dreicor has only sought *partial* summary judgment.  Under Michigan law, Plaintiffs are limited to a gross negligence claim and Dreicor is entitled to summary judgment as to other claims.

Even if this Court were to deviate beyond Michigan law, Plaintiffs' argument is still without merit.  The three cases that Plaintiffs cite address circumstances not only after construction was complete (by six months to seven years), but also after the final payment for the construction was made.[3]  None of these cases address the circumstance where, as here, the contractor was still working on site.  And none of the three cases address the circumstance where, as here, the project as a whole was still ongoing.  In addition to the 3,000 hours of work still being done by Dreicor the two weeks after the incident,[4] HotWorks (among others) was on site heating up the plant as part of the overall construction

---

[2] *Zurich Ins. Co. v. Midwest. Mgt.*, 1996 Mich. App. LEXIS 1768, unpublished per curiam opinion of the Michigan Court of Appeals (Mich. Ct. App., issued Dec. 30, 1996); *Lexington Ins. Co. v. Alan Group & Condor Piping*, 2016 Mich. App. LEXIS 1486 (Mich. Ct. App., issued Aug. 9, 2016); *Ohio Cas. Ins. Co. v Oakland Plumbing Co.*, 2005 Mich. App. LEXIS 592 (Mich. Ct. App., Mar. 8, 2005).

[3] See *Hartford Underwriters Ins Co v Phoebus*, 187 Md App 668, 688; 979 A2d 299 (2009)("after construction and final payment" ); *Automobile Ins Co v United HRB Gen Contractors*, 876 SW2d 791, 794 (Mo Ct App, 1994)("We agree that 'work' includes the completed structure, but only for the time interval between the completion of the building and final payment." ); *Southern Ins Co v CJG Enterprises*, ___F Supp 3d___; 2017 U.S. Dist. LEXIS 129514, at *4 (SD Iowa, May 11, 2017)(loss occurred seven years after construction was complete).

[4] But for the incident, Dreicor would have been on site even longer.

project.  Thus, this was not a case where Dreicor's work was done or where the project was complete from anyone's perspective.

And, lest there be any doubt, this was certainly not a situation where Guardian had issued a final payment.  The final invoice from Dreicor to Guardian was issued on July 14, 2017 (Exhibit 2).  The final payment from Guardian was on August 18, 2017.  But, inasmuch as final payment was not billed, much less paid, by the time of the incident, none of Plaintiffs' cited cases are truly on point. Plaintiffs do not cite any case where a waiver of subrogation was not enforced because construction was "substantially complete" rather than finally complete, where the project was ongoing, and where final payment was not yet made.  This issue is without merit.

*This Court Should Reject the Minority Position Regarding Damages*.  Next, Plaintiffs contend that this Court should, again, depart from Michigan law, and adopt a position that is a minority approach in other jurisdictions.  Plaintiffs admit that the "majority" of jurisdictions would hold that the waiver of subrogation applies to <u>all</u> insurance benefits paid, without breaking down the analysis by types of policies or whether the benefits applied to categories.  If this Court is going to deviate from Michigan law, it should adopt the majority approach and dismiss all of Plaintiffs' claims against Dreicor.

Again, Michigan law does not recognize any limitations on the types of damages that are encompassed by waivers of subrogation. Instead, as set forth above and in Dreicor's primary brief, Michigan law only allows a gross negligence claim to survive a waiver of subrogation. That is why Dreicor has filed the instant motion for partial summary judgment and reiterates that this Court should properly limit Plaintiffs' lawsuit to a gross negligence cause of action.

But, if this Court is going to accept Plaintiff's tacit invitation to not apply Michigan law, then this Court would be well within its discretion to apply the majority rule and dismiss all of Plaintiff's causes of action against Dreicor. Indeed, while Michigan law recognizes that a gross negligence cause of action cannot be waived, the majority approach concludes that every cause of action (including gross negligence) is precluded by a waiver of subrogation and that a clear majority of jurisdictions reject a work/non-work dichotomy. See e.g. *Lexington Ins. Co. v. Entrex Commc'n Servs., Inc*., 275 Neb. 702, 711, 749 N.W.2d 124 (Neb. 2008). In fact, the courts considering this issue have noted that waivers of subrogation, unlike exculpatory clauses, do not prevent a contracting party from being made whole. *Great Northern Ins. Co. v. Architectural Environments, Inc.*, 514 F. Supp. 2d 139, 143 (D. Mass., 2007)("Unlike exculpatory clauses which preclude an insured party (the victim) from obtaining compensation for the harm suffered, a subrogation waiver provision nevertheless insures [sic] that the injured

5

party is compensated.") If this Court is not going to apply Michigan law, applying the majority approach nationwide would mean that Dreicor is entitled to <u>full</u> summary judgment.

With respect to the minority approach, the primary authority cited by Plaintiffs is *SSDW Co v Brisk Waterproofing Co*, 76 NY2d 228, 231; 557 NYS2d 290; 556 NE2d 1097 (1990), a case with virtually no precedential value because it addressed a 1976 version of an AIA standard contract that has been amended several times since then.  See *Community Ass'n Underwriters of America, Inc v Restoration Specialties, Inc*, 552 F Supp 3d 333, 340 (D Conn, 2021)(recognizing the obsolescence of the *Brisk* decision).

Here, of course, there is certainly no contractual language expressly bifurcating insurance obligations based on whether they arise out of "Work" or "Non-Work."  Instead, Guardian was required to obtain insurance for not only "the full insurable value of the Work," but also loss "from the perils of Fire and Extended Coverage," expressly including "'All Risk' insurance for physical loss or damage (including theft, vandalism, malicious, mischief, transit, collapse, flood and testing)."  Guardian/Dreicor contract, ¶ 4.2(c).  One part of section 4.2(c) obligated Guardian to obtain insurance for the peril of "fire" and other perils arising from the Work, while another part of section 4.2(c) waived subrogation with respect to "fire or other perils" covered by such insurance.  There is a

6

complete alignment between the incident (a) explosion and fire (Complaint, ¶ 30); (b) the insurance requirement for Guardian with respect to fire and other perils (Contract provision 4.2(c)); and (c) the waiver of subrogation as to fire and other perils (Contract provision 4.2(c)).  Plaintiffs' position is borderline frivolous.

Guardian did obtain such insurance coverage through policies issued by Plaintiffs (which recognize the waiver of subrogation).  It is disingenuous to suggest that the insurance procured and maintained by Guardian to cover the contractual Work and property damage is somehow not the insurance arising out of Guardian's contractual obligations.  If Guardian desired a narrower waiver, one should have been negotiated.  Instead, the parties agreed that Guardian would maintain the general property insurance, Dreicor would insure its personal property, and both would waive subrogation without limitation.  This Court should not apply the minority approach. Instead, this Court should grant Dreicor's motion for partial summary judgment (or full summary judgment).

Respectfully submitted,

**CARDELLI LANFEAR, P.C.**

 /s/ Thomas G. Cardelli_____
Thomas G. Cardelli (P31728)
Anthony F. Caffrey III (P60531)
Attorneys for Defendants
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100
tcardelli@cardellilaw.com

Dated:  July 15, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa Maynard, hereby certify that on the 15th day of July 2022 a copy of Reply Brief in Support of Defendant Dreicor's Renewed Motion for Partial Summary Judgment was served upon counsel of record via electronic mail. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

<u>/s/ Lisa Maynard</u>
Lisa Maynard, Legal Assistant

8